149 N.J. Super. 282 (1977)
373 A.2d 712
JAMES C. TAFT AND JOSEPHINE S. TAFT, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
EDWARD J. SWEENEY, SR., SAFECO INSURANCE COMPANY OF AMERICA, AND TRANSAMERICA INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1977.
Decided April 27, 1977.
*283 Before Judges BISCHOFF, MORGAN and KING.
Mr. Mario A. Iavicoli argued the cause for appellants.
Mr. James F. Sullivan argued the cause for respondent Safeco Insurance Company (Mr. Robert F. Colquhoun, attorney).
PER CURIAM.
At issue in this appeal is the availability of Uninsured Motorists coverage (UM) issued to plaintiff as a source of compensation for injuries he received in an automobile accident where the total proceeds of the liability policy insuring the culpable defendant to the statutory minimum has been tendered to and accepted by plaintiff. Plaintiff contends that since the value of the injuries received in the accident exceeds the amount of liability coverage available, defendant must be regarded as uninsured to the extent of such excess and he is therefore entitled to tap his UM coverage for the excess. The trial judge granted the motion for summary judgment interposed by Safeco Insurance Company, the carrier which provided the UM coverage. This appeal ensued.
We affirm.
*284 The facts of the underlying accident and the available insurance policies are not complex. On September 29, 1974 an automobile driven by plaintiff collided with defendant Sweeney's automobile. There seems little doubt but that the collision was caused by the negligence of Sweeney, who was charged with operating his vehicle while under the influence of alcohol and subsequently pleaded guilty to the charge. At the time of the accident Sweeney was insured by defendant Transamerica Insurance Company through a liability policy which limited coverage to $15,000 per person and $30,000 maximum for each accident, the minimum amounts required by N.J.S.A. 39:6B-1. Plaintiff's own policy of insurance, issued by Safeco, provided the required UM protection, N.J.S.A. 39:6A-14, to the extent of $15,000 per person and $30,000 for each accident.
Pursuant to the obligations undertaken in this policy, Safeco made payments to plaintiff under its personal injury protection (PIP) provisions and plaintiff accepted the sum of $15,000 from defendant Transamerica in full settlement for all claims against that defendant. Plaintiff then sought recovery under the uninsured motorists provision of the Safeco policy, contending that defendant Sweeney was uninsured to the extent that Transamerica's policy limits were inadequate to compensate him fully for the injuries resulting from the accident. For purposes of this appeal, we assume that the proceeds of the Transamerica policy failed to provide plaintiff with full compensation.
Fundamental to the issue raised in this appeal is the meaning to be attributed to the word "uninsured" in N.J.S.A. 17:28-1.1 which sets forth the requirement for uninsured motorists coverage. It reads as follows:
No automobile liability policy * * * of insurance * * * shall be issued in this State * * * unless it includes coverage, in limits for bodily injury or death as follows:
a. an amount or limit of $15,000.00, exclusive of interest and costs, on account of injury to, or death of, one person, in any one accident * * *

*285 * * * * * * * *
for payment of all or part of the sums which the insured * * * shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, or hit and run automobile * * * [Emphasis supplied]
The coverage afforded by the policy in question is consistent with the foregoing statutory requirements.[1] Hence, it is clear that that coverage afforded is triggered by the insured's accident with an "uninsured" automobile.
This essential element of uninsured motorists coverage is not tainted by ambiguity. Such coverage becomes available only when the insured is injured by an uninsured motor vehicle or a hit and run automobile. Neither is involved in this case.
Defendant Sweeney was insured to the statutory minimum. Nothing in N.J.S.A. 17:28-1.1 suggests that UM coverage is to be made available as excess insurance whenever a liability policy, meeting the statutory minimum limits of coverage, proves an inadequate source of compensation to the injured insured. The essential requirement for such coverage is lack of insurance, not inadequate insurance.[2]
Neither of the two cases cited by plaintiff support his contentions. Motor Club of America Ins. Co. v. Phillips, 66 *286 N.J. 277 (1974), held that a person injured by an uninsured motorist is entitled to UM coverage under more than one policy affording him such coverage. Basic to that holding, however, is the fact that the insured was injured by an uninsured motorist. In this case plaintiff's injuries were caused by an insured motorist. Gorton v. Reliance Ins. Co., 137 N.J. Super. 558 (App. Div. 1975), certif. granted 70 N.J. 273 (1976), held that each of several injured plaintiffs could recover under his own uninsured motorists coverage the difference between the amounts received under the defendant tortfeasor's liability policy and the existing statutory limit for bodily injury or death. In this case, however, plaintiff has received the full statutory limit from Sweeney's liability carrier. Gorton has no application to this case.
The statutory scheme is clear. The Legislature intended by N.J.S.A. 17:28-1.1 and N.J.S.A. 39:6B-1 to guarantee to each person injured by an automobile in this State an available source of reparation for the injuries received up to the statutory minimum. Gorton v. Reliance Ins. Co., supra at 563-564. That goal has been achieved in this case.
Affirmed.
NOTES
[1] The policy definition of an "uninsured highway vehicle" reads as follows:

(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury and property damage liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury and property damage liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; * * *
[2] We are not confronted with an issue concerning a liability policy not complying with the statutory minimum limits of coverage.