160 N.J. Super. 292 (1978)
389 A.2d 980
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
WILLIAM H. FRANKLIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1978.
Decided June 27, 1978.
*294 Before Judges HALPERN, LARNER and KING.
Mr. R. Peter Connell argued the cause for appellant (Messrs. McElroy, Connell, Foley & Geiser, attorneys).
*295 Mr. Laurence Appet argued the cause for respondent (Messrs. Appet & Appet, attorneys).
The opinion of the court was delivered by LARNER, J.A.D.
Defendant William H. Franklin sustained serious injuries as a result of an automobile accident with a vehicle owned by Carmine V. Capalbo. As a result of a settlement agreement Capalbo's liability insurance carrier paid Franklin the sum of $25,000 representing the total coverage of Capalbo's policy. Thereafter Franklin made a claim against his own carrier, New Jersey Manufacturers Insurance Co., for the additional sum of $15,000 based on the uninsured motorist endorsement on his policy. He claimed that his injuries and losses were not fully compensated by the payment from Capalbo's carrier, and that Capalbo was therefore  "uninsured" to the extent that his policy was insufficient to pay for the injuries and losses.
Pursuant to the provision contained in the uninsured motorist endorsement, Franklin filed a demand for arbitration with the American Arbitration Association which sought $15,000 from New Jersey Manufacturers Insurance Co. for personal injuries based on the uninsured motorist provision of his policy. The demand contained no special request for arbitration of any particular issues and was simply a printed form demanding arbitration under the uninsured motorist provision of the policy. The record does not reflect an answer or statement by New Jersey Manufacturers. In any event, an arbitrator was selected. However, pursuant to an agreement that the matter would be submitted on written memoranda, neither party appeared before the arbitrator.
Accordingly, counsel for the insurance company submitted to the arbitrator a "Memorandum of Law in Support of Motion for Dismissal" and a supplemental memorandum as well. In these memoranda he argued that the matter was not appropriately the subject of arbitration, citing Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185 *296 (App. Div. 1975), as authority for his position that the question of coverage is not arbitrable. He noted that since the scope of arbitration is limited to "questions of fault and damage" which are not in dispute, nothing remains for the arbitrator to decide.
In addition to the foregoing jurisdictional contention relevant to the application to dismiss, the memoranda also ventured into a discussion of the merits of the coverage question involved in the uninsured motorist claim. On July 20, 1976 the arbitrator filed what is entitled "Interim Award of Arbitrator" with the following provisions:
1. NEW JERSEY MANUFACTURERS INSURANCE CO. is liable to WILLIAM FRANKLIN for injuries received from the accident which occurred on January 19, 1973, under Policy No. FA 548825-9.
2. Jurisdiction is retained until August 29, 1976 for a determination as to damages should the parties be unable to agree on a mutually acceptable amount.
On November 29, 1976 New Jersey Manufacturers filed a complaint in the Law Division for a declaratory judgment to determine that the arbitrator's interim ruling was beyond his jurisdiction, that the arbitration proceeding be dismissed, and that coverage does not exist for Franklin's claim under the New Jersey Manufacturers policy. Defendant took no steps to confirm the interim award and no final arbitrator's award was ever filed.
However, defendant moved to dismiss the complaint. The trial judge converted the motion into a summary judgment motion, which he granted on the ground that New Jersey Manufacturers had waived its right to a judicial determination of the coverage question by its participation in the arbitration proceeding. He also added his opinion that the arbitrator not only had jurisdiction to decide the issue of coverage but had decided that issue on its merits in accord with controlling law, citing Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277 (1974).
Plaintiff's appeal from this determination presents the following questions for resolution: (1) Did the arbitrator *297 have jurisdiction to decide the coverage question? (2) Did New Jersey Manufacturers waive its objection to the arbitrator's jurisdiction to determine that issue? (3) If the answer to both of these questions is in the negative, does the uninsured motorist provision of the policy afford coverage for Franklin's excess claim?
The standard uninsured motorist endorsement attached to the policy herein provides for arbitration only as to the liability of the uninsured motorist tortfeasor and the quantum of damages (Condition G). And since the scope of such arbitration is necessarily limited by the contract, the submission to the arbitrator by the demand for arbitration precluded consideration of any other issues. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1, 4 (E. & A. 1935); Moreina Constr. Co., Inc. v. Wayne Tp., 98 N.J. Super. 570, 575-576 (App Div.), certif. den. 51 N.J. 467 (1968); Polshek v. Bergen Cty. Iron Works, 142 N.J. Super. 516, 521 (Ch. Div. 1976); Leslie v. Leslie, 50 N.J. Eq. 103, 107 (Ch. 1892).
Hence it is well settled in this State that coverage questions are not arbitrable under the usual arbitration clause contained in an uninsured motorist endorsement. GEICO v. Bovit, 142 N.J. Super. 268 (App. Div.), certif. den. 71 N.J. 502 (1976); Selected Risks Ins. Co. v. Schulz, supra, 136 N.J. Super. at 187; Travelers Indem. Co. v. Mongiovi, 135 N.J. Super. 452 (App. Div. 1975); Gov't Employees Ins. Co. v. Shara, 137 N.J. Super. 142, 145-146 (Ch. Div. 1975). See also, Annotation, "What issues are arbitrable under arbitration provision of uninsured motorist insurance?," 29 A.L.R.3d 328 (1970); Widiss, A Guide to Uninsured Motorist Coverage, §§ 6.17 - 6.26 at 202-216 (1969). The issue of coverage is one for determination by a court, and in the absence of evidence of stipulation, waiver or estoppel, the arbitrator had no primary jurisdiction to determine that question.
*298 It follows therefore that the justification for the arbitrator's interim award holding New Jersey Manufacturers liable can only be premised on a finding that the company's participation in the arbitration proceeding constituted a waiver and submission to the power and jurisdiction of the arbitrator to decide the coverage question. Even in the absence of a contractual submission of an issue to arbitration, a party may by conduct or agreement waive his legal right to judicial determination. If such a waiver is established, objection to the arbitrator's jurisdiction is no longer viable. See Grover v. Universal Underwriters Ins. Co., 151 N.J. Super. 403, 411 (App. Div. 1977); Collingswood Hosiery Mills v. Amer. Fed. Hosiery Wkrs., 28 N.J. Super. 605 (Ch. Div. 1953), rev'd on other grounds 31 N.J. Super. 466 (App. Div. 1954); Migneault v. United Services Automobile Ass'n, 21 Ariz. App. 397, 519 P.2d 1162 (Ct. App. 1974); Annotation, "Participation in arbitration proceedings as waiver of objections to arbitrability," 33 A.L.R.3d 1242, 1245-1250 (1970).
It is our considered opinion that the degree and nature of the participation in the arbitration proceeding by the carrier herein did not constitute an unequivocal and knowing waiver so as to vest jurisdiction in the arbitrator to decide the merits of the coverage question.
When the claimant filed his demand for arbitration he submitted a pro forma document which did not specify the issues to be determined by the arbitrator. The tenor of the demand demonstrates a request for arbitration within the ambit of the uninsured motorist endorsement, thereby limiting the jurisdiction of the arbitration to the liability of the tortfeasor and damages. Faced with such a demand the company had a range of options. It could disregard the arbitration and not participate therein; it could immediately seek to restrain the arbitration pending a determination by a court of the coverage question; it could make a timely objection in the arbitration proceeding before the hearing on the merits, or it could participate fully before the arbitrator *299 on the merits of all issues. See, generally, Stanton, "Protection Against Uninsured Motorists in New Jersey," 3 Seton Hall L. Rev. 19, 36-40 (1971). The determination whether there has or has not been a waiver is dependent upon the course elected by the company and the facts relating to the nature and degree of its participation in the arbitration proceeding.
In the context of the limitation of arbitrable issues contained in the insurance contract, the critical question is whether an agreement to arbitrate the coverage question was in fact made by the carrier because of what it did in the arbitration proceeding. In Battle v. General Cellulose Co., 23 N.J. 538 (1957), the court noted:
The one who denies the existence of the contract [to arbitrate] may seek a judicial determination upon an application to stay the arbitration or upon a proceeding to enforce the award. If he chooses to ignore the arbitration and await an action upon the award, he takes the risk of a determination that he was obligated to arbitrate and hence is bound by the award. [at 543-544; emphasis supplied]
In Dist. 65, R.W.D.S.U. v. Paramount Surg. Sup. Co., 117 N.J. Super. 125 (App. Div. 1971), we summarized the holding in Battle in the following language:
Battle holds that when a party claims he has a contract with another calling for arbitration of disputes arising thereunder, and proceeds to invoke arbitration in the manner set forth in the alleged contract, there is no preliminary obligation on the demandant for arbitration first to go to court to compel the other party to participate. He may do so, but he is not compelled to. If he decides to proceed with the arbitration on the assumption that he has an agreement calling for it, then the opponent, who takes the position that there is no contract between them or that the dispute is not arbitrable, ignores notice of the arbitration proceeding at his peril of a later judicial determination that there was in fact a contract requiring arbitration of the dispute, and of being subjected to the award even though he did not participate in the proceeding. [at 127]
We then proceeded to outline the effect of participation in the arbitration upon a defendant's right to a judicial determination of his contractual obligation to arbitrate. We held:
*300 The foregoing does not mean that such a defendant waives his right to a judicial determination that he was under no contractual obligation to arbitrate. He may raise that issue in defense of an application by the demandant for entry of judgment on the award. But if he loses on that defense in court, he is obligated on the award. What he should have done if he wanted a judicial determination in advance of the arbitration, under the rationale of Battle, is to have moved in court to stay the arbitration proceedings at the outset and in that proceeding to have obtained a judicial decision on the question of contractual obligation to arbitrate. [at 127-128]
See also, Polshek v. Bergen Cty. Iron Works, supra, 142 N.J. Super. at 520-521.
From the foregoing we find that the mere participation in the arbitration does not conclusively bar a party from seeking a judicial determination of arbitrability, even as late as the time of claimant's application to confirm the award. The flagging of the company's objection to the arbitrator's jurisdiction in the submitted memoranda represented an adequate reservation of the coverage issue for judicial determination, subject to the risk of the binding effect of the award on liability and damages in the event of ultimate lack of success on the question whether the coverage issue was arbitrable.
Although it may be preferable and more orderly for a party claiming that an issue is beyond the contractual scope of arbitrability to seek an injunction of the arbitration, it is not a mandatory requirement subject to the consequence of waiver. If the objection to the arbitrator's jurisdiction is made known, participation in the merits of the controversy does not dictate a finding of waiver. See American Bakery and Confectionery Workers v. National Biscuit Co., 378 F.2d 918, 921-922, 33 A.L.R. 3d 1229, 1234-1235 (3 Cir.1967); contra, Fidelity & Cas. Co. of N.Y. v. Dennis, 229 Cal. App.2d 541, 40 Cal. Rptr. 418 (D. Ct. App. 1964). And thus the mere alternative argument on the merits in the memoranda of counsel for the carrier submitted to the arbitrator does not serve to bar subsequent judicial determination of the issue.
*301 Under the circumstances herein there is absent such evidence relating to actions of New Jersey Manufacturers which would support a finding of waiver, i.e., the intentional relinquishment of a known right. See West Jersey Title Co. v. Industrial Trust Co., 27 N.J. 144, 152-153 (1958). "It is requisite to waiver of a legal right that there be `a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part.'" 27 N.J. at 152.
Absence of waiver is particularly indicated herein where the demand for arbitration does not clearly point up the issue of coverage as a matter for the arbitrator's decision and the company noted its objection to the arbitrator's jurisdiction. The award contains no specific finding on that issue, and the award is only an interim or interlocutory one at best. Where the lack of arbitrability is clear on the face of the contract, as it is herein, proof of waiver must be so clear and unequivocal that it can be said that the defendant in arbitration has expressly or impliedly agreed that the additional issue be considered and decided by the arbitrator. The record herein does not support such a capitulation by the carrier in any actions or position taken during the arbitration.
Therefore, plaintiff's application to the court by its complaint for declaratory judgment was both timely and appropriate to invoke the court's independent judgment on the merits of the coverage problem The court's finding of waiver was unwarranted.
Since the issue of coverage was not arbitrable under the controlling insurance contract, and in light of our conclusion that the carrier did not waive its right to a judicial determination of that issue, we next turn to the final issue  the merits of the controversy.
The question of the right of recovery under the uninsured motorist endorsement where the assured has received payment equal to or in excess of $15,000 (minimum coverage under N.J.S.A. 39:6B-1) from tortfeasor's liability carrier *302 was resolved in Taft v. Sweeney, 149 N.J. Super. 282 (App. Div. 1977). We held therein that Motor Club of America Ins. Co. v. Phillips, supra, 66 N.J. 277, and Gorton v. Reliance Ins. Co., 137 N.J. Super. 558 (App. Div. 1975), certif. granted 70 N.J. 273 (1976), are distinguishable on their facts. Motor Club held that a person injured by an uninsured motorist is entitled to uninsured motorist benefits under more than one policy affording the same. In Gorton we held that each of several injured plaintiffs could recover under his own uninsured motorist coverage the difference between the amounts received from the tortfeasor's liability policy and the statutory limit for bodily injury where the liability coverage had been exhausted by settlement with the several claimants. In other terms, an injured person is entitled to be protected for an injury claim to the extent of the mandatory minimum statutory requirement. And if the tortfeasor's liability coverage is insufficient to provide that minimum, he is deemed an uninsured to the extent of the difference between that coverage and the statutory minimum.
However, where the claimant seeking recovery under the uninsured motorist policy has insurance protection under the tortfeasor's liability policy to the extent of the $15,000 minimum ($25,000 in this case), the intent of the legislative scheme has been satisfied and there is no basis for recovery under the uninsured motorist endorsement. See Taft v. Sweeney, supra, 149 N.J. Super. at 285-286. Under such circumstances there is no warrant for a determination that the tortfeasor is an uninsured motorist. The trial judge erred in reaching that conclusion.
Accordingly, we reverse the judgment entered in favor of defendant. Since the result of our determination is that plaintiff is not liable as a matter of law under the uninsured motorist endorsement, we exercise our original jurisdiction under R. 2:10-5 and direct the entry of a judgment in favor of plaintiff vacating the arbitration and the arbitrator's interim award, and declaring that plaintiff's uninsured motorist *303 endorsement does not afford coverage to defendant for the claimed injuries and damages.