944 A.2d 642

HOWARD WEIN, PATRICK DELANEY AND JEFFERY REALTY, INC., PLAINTIFFS–APPELLANTS v. JACK MORRIS, JSM AT INMAN, L.L.C., JSM AT TALMADGE, L.L.C., CHARLESTOWN CROSSING, INC., JSM AT NEW DOVER, L.L.C. AND JSM AT MATAWAN, L.L.C., DEFENDANTS–RESPONDENTS, AND ABC, CORPS. 1–10, XYZ, L.L.C.'S 2–10 AND JOHN AND JANES DOES 1–15, DEFENDANTS.

Argued October 22, 2007—Decided April 14, 2008.

*Brian F. Curley*, argued the cause for appellants (*Mr. Curley*, attorney; *Mr. Curley* and *Ronald M. Sturtz*, on the briefs).

*Michael J. Canning*, argued the cause for respondents (*Giordano, Halleran & Ciesla*, attorneys; *Mr. Canning* and *Kelly D. Gunther*, on the brief).

*Andrew Dwyer*, submitted a brief on behalf of *amicus curiae* National Employment Lawyers Association of New Jersey (*The Dwyer Law Firm*, attorneys).

JUSTICE WALLACE, delivered the opinion of the Court.

This appeal requires us to determine the validity of an arbitration award. Plaintiffs' underlying claims are based on defendants' alleged breach of two written contracts, each of which contained an arbitration clause. Plaintiffs filed a complaint in Superior Court and did not seek arbitration. Defendants answered and filed a counterclaim. After almost five years of court-supervised discovery, both sides moved for summary judgment. Over the objection of the parties, the trial court ordered the matter to arbitration and dismissed the action. No party sought to appeal that order and the matter proceeded to arbitration without further objection. The arbitrator entered an award in favor of plaintiffs that did not include future damages and counsel fees. Plaintiffs asked the arbitrator to reconsider the failure to include both of those items. The arbitrator subsequently awarded future damages, but denied the request for counsel fees.

Plaintiffs moved to enforce the award, and defendants moved to vacate it. The trial court confirmed the award and dismissed defendants' motion. The Appellate Division reversed, finding that the trial court erred in compelling arbitration, that the trial court's order was not final and appealable as of right, and that defendants

did not waive their right to contest the arbitration issue. We granted plaintiffs' petition for certification.

We hold that the trial court erred in ordering the parties to arbitrate, that the order compelling arbitration was a final order, and that even if the order were not final, under the circumstances presented defendants waived their right to contest the arbitrator's jurisdiction. We also hold that the arbitrator lacked the authority to modify the arbitration award to include future damages.

## I.

The facts underlying this matter are largely uncontested. In March 1997, plaintiffs Howard Wein, Patrick Delaney, and Jeffery Realty, Inc., entered into two lease commission agreements with defendant Jack Morris on behalf of defendant business entities. Through those agreements, plaintiffs became the exclusive agents to procure tenants and buyers for defendants' properties. Both agreements also contained an arbitration clause that required any controversy, dispute or claim between the parties to be "resolved by binding arbitration in accordance with the rules of the American Arbitration Association."

Plaintiffs claimed they were due commissions, but defendants disagreed. In November 1998, plaintiffs filed suit in the Superior Court, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and various other improprieties. Defendants filed an answer raising several affirmative defenses and several counterclaims, including fraud, misrepresentation, negligence, breach of fiduciary duties, and breach of the duty of good faith and fair dealing. Defendants demanded a jury trial.

The parties engaged in extensive discovery that lasted until 2003. The trial court closely monitored discovery, issuing six case management orders and deciding several motions to compel discovery. At one point defendants filed a motion for leave to appeal, but the Appellate Division denied that motion.

In May 2002, defendants moved to stay the lawsuit and to compel arbitration, but withdrew that motion before it was heard. Defendants also filed a motion for summary judgment that same month but subsequently withdrew that motion as well. A year later in June 2003, defendants again moved for summary judgment, and plaintiffs cross-moved for summary judgment.

On the return date for the summary judgment motions, the trial court surprised the parties by sua sponte ordering the parties to binding arbitration in accordance with the agreements. Defense counsel objected, arguing that plaintiffs had waived the arbitration clause. Plaintiffs' counsel agreed that the arbitration clause had been waived and reminded the court that defendants had filed a motion to compel arbitration, but withdrew the motion.

Following the hearing, plaintiffs' counsel wrote the trial court stating that the parties were in agreement that arbitration was waived and the litigation should proceed in court. Nevertheless, the trial court entered an order dated August 28, 2003, denying the parties' motions for summary judgment as moot, directing the parties to resolve their dispute through arbitration, and dismissing the complaint and all counterclaims and cross-claims. Neither plaintiffs nor defendants filed an appeal from that order.

On September 23, 2003, plaintiffs initiated arbitration with the American Arbitration Association (AAA). The parties agreed that a retired jurist would be the arbitrator. Defendants filed an answer and counterclaim against plaintiffs. Defendants did not raise any objection with the arbitrator regarding the arbitrator's authority to resolve the dispute.

The arbitration hearing was held over sixteen days. The parties presented multiple witnesses and significant documentary evidence. In December 2004, the arbitrator awarded plaintiffs $1,076,769, plus prejudgment interest. The arbitrator expressly made no award of counsel fees and did not award any commissions to plaintiffs based on potential lease renewals or extensions. The award provided that it was "in full settlement of all claims and

counterclaims" and that "[a]ll claims not expressly granted herein are hereby denied."

On December 9, 2004, plaintiffs wrote the arbitrator requesting clarification on two points in the arbitration award. Plaintiffs suggested that they were entitled to commissions for lease renewals and attorneys' fees. In a separate letter to the arbitrator, defendants challenged the dates used to calculate prejudgment interest and objected to reconsideration of the attorneys' fees and lease renewal awards, citing *AAA Rule* 48, which prohibits reconsideration of the merits of any claim. However, defendants conceded that the AAA rules permit the arbitrator to fix computational errors and requested correction of alleged miscalculations in the original award.

The arbitrator amended the award, noting that the making of such amendments was within his authority in order to correct technical errors and address inadvertent omissions. The modified award granted plaintiffs commissions for any future lease renewals or extensions but did not award attorneys' fees. The arbitrator also adjusted the original calculation of commissions for one lease in favor of plaintiffs, increasing it from $339,456.48 to $370,568.25, but decreased the award relating to a different lease, lowering it from $379,606.50 to $361,530.00. Excluding the award of commissions on lease renewals, the difference between the original award and the amended award was $13,035.27.

Plaintiffs, using the docket number from their original complaint, filed a motion in Superior Court to confirm the arbitration award, and defendants cross-moved to vacate the award. Defendants did not raise the propriety of the dismissal order of August 28, 2003. The trial court confirmed the award in all respects and denied defendants' cross-motion.

Defendants appealed. In a published opinion, the Appellate Division held that the trial court's order directing the parties to arbitration was improper because the parties waived arbitration. *Wein v. Morris,* 388 *N.J.Super.* 640, 649, 909 *A.*2d 1186 (2006). The panel further concluded that defendants did not forfeit their

right to appellate review by not seeking "leave to appeal immediately after entry of the August 28, 2003 order, or by vigorously pursuing [their] rights in the arbitration proceedings." *Ibid.* The panel viewed the order dismissing all claims and referring the parties to arbitration as interlocutory and thus not subject to the time bar for filing an appeal. *Id.* at 652–53, 909 *A.*2d 1186. The panel also held that defendants' failure to file a timely motion for leave to appeal did not estop them from appealing the order after the arbitration award was entered. *Id.* at 655–56, 909 *A.*2d 1186. Finally, the panel concluded that the arbitrator exceeded his authority when he amended the award to include renewal commissions. *Id.* at 659–60, 909 *A.*2d 1186.

We granted plaintiffs' petition for certification. 190 *N.J.* 254, 919 *A.*2d 848 (2007). We also permitted the National Employment Lawyers Association of New Jersey (NELA) to file a brief as amicus curiae.

## II.

Plaintiffs argue that the Appellate Division's ruling is in direct conflict with *Highgate Development Corp. v. Kirsh,* 224 *N.J.Super.* 328, 333, 540 *A.*2d 861 (App.Div.1988), which held that waiver of the right to object to arbitration "is dependent upon all of the facts relating to the nature and degree of the objecting party's participation in the arbitration proceeding." Plaintiffs contend that defendants' extensive and vigorous participation in the arbitration proceedings is indicative of their intent to forfeit any objections to arbitration. Plaintiffs further assert that sound policy counsels against affording defendants "two bites at the apple" by participating in arbitration and then contesting the arbitrator's jurisdiction after an unfavorable award. Specifically, plaintiffs point to an e-mail sent from defendants' attorney to plaintiffs' attorney after the court-ordered arbitration that stated, "[d]epending on the selection [of the arbitrator], which is essential, my client would agree to arb[itration]."

Plaintiffs further assert that the order compelling arbitration was a final order, relying on *Green Tree Financial Corp. v. Randolph,* 531 *U.S.* 79, 121 *S.Ct.* 513, 148 *L.Ed.*2d 373 (2000), in which the Supreme Court held that an order compelling arbitration was a final order for purposes of appeal under the Federal Arbitration Act. Plaintiffs add that a contrary view would undermine the finality of arbitration awards and erode the strong public policy in favor of arbitration. Plaintiffs also note that defendants did not raise any objection to the arbitrator's jurisdiction during the arbitration hearings. Finally, plaintiffs assert that the arbitrator's modification of the arbitration award was appropriate.

In contrast, defendants contend that they did not waive their right to appeal the trial court's order directing the parties to arbitration. They argue that *Highgate* is not applicable in this case because in *Highgate,* the defendant waived his right to contest the arbitrator's jurisdiction by not seeking "to abort the arbitration by obtaining a judicial determination that the matter was not arbitrable." Defendants contend that they preserved their right to contest the propriety of arbitration because they lodged an objection in the Law Division. Defendants further argue that the trial court's order directing the parties to arbitrate was an interlocutory order, not subject to the forty-five-day time limit of a final order. Additionally, defendants claim that their failure to seek leave to appeal was justified because leave to appeal is "highly discretionary" and "exercised only sparingly," and that judicial economy counsels against a rule mandating the filing of a motion for leave to appeal. Finally, defendants argue that their participation in the arbitration proceedings was involuntary and therefore, they did not waive their right to appeal the order compelling arbitration.

Amicus National Employment Lawyers Association of New Jersey argues that federal precedent interpreting the Federal Arbitration Act is persuasive and that this Court should hold that "dismissal of all claims in favor of arbitration is final and subject to immediate appeal." Amicus also points to several New Jersey

opinions holding that dismissal of a claim in deference to another forum is a final order subject to immediate appeal.

### III.

■ Preliminarily, we note that at the time the complaint was filed herein, the New Jersey Arbitration Act (the Arbitration Act), *N.J.S.A.* 2A:24–1 to –11, was applicable. However, in 2003 during the course of this litigation, the Arbitration Act was partially repealed when the Legislature adopted a modified version of the Uniform Arbitration Act of 2000 (the Uniform Arbitration Act), *N.J.S.A.* 2A:23B–1 to –32. *L.* 2003, *c.* 95. The Uniform Arbitration Act applied to arbitration agreements made "on or after January 1, 2003," *N.J.S.A.* 2A:23B–3(a), but "[o]n or after January 1, 2005," it "govern[ed] an agreement to arbitrate whenever made." *N.J.S.A.* 2A:23B–3(c). However, the Uniform Arbitration Act expressly exempts collective bargaining agreements from its terms and provides that collective bargaining agreements are subject to the Arbitration Act. Consequently, the Arbitration Act continues to apply in the context of collective bargaining agreements.

Because the underlying agreements in this matter were executed in 1997, the initial complaint was filed in November 1998, and the trial court ordered the matter to arbitration in 2003, the Appellate Division concluded that the Arbitration Act applied to the present matter. *Wein, supra,* 388 *N.J.Super.* at 654 n. 6, 909 *A.*2d 1186. We agree. Consequently, we view this matter under the Arbitration Act.

### IV.

■ We first address the Appellate Division's conclusion that the trial court erred in ordering the matter to arbitration.

■ The Arbitration Act authorizes courts to recognize and enforce arbitration agreements. *N.J.S.A.* 2A:24–1. Our courts have long noted our public policy that encourages the "use of

arbitration proceedings as an alternative forum." *Perini Corp. v. Greate Bay Hotel & Casino, Inc.*, 129 *N.J.* 479, 489, 610 *A.*2d 364 (1992); *see also Delta Funding Corp. v. Harris*, 189 *N.J.* 28, 39, 912 *A.*2d 104 (2006). "An arbitration agreement is a contract and is subject, in general, to the legal rules governing the construction of contracts." *McKeeby v. Arthur*, 7 *N.J.* 174, 181, 81 *A.*2d 1 (1951) (citations omitted); *see also Hojnowski v. Vans Skate Park*, 187 *N.J.* 323, 343, 901 *A.*2d 381 (2006). In accordance with the law of contracts, an arbitration clause may be modified or superseded. *McKeeby, supra*, 7 *N.J.* at 181–82, 81 *A.*2d 1; *see also N.J.S.A.* 2A:24–1. Further, "our courts have recognized that [i]f a contract contains an illegal provision and such provision is severable, courts will enforce the remainder of the contract after excising the illegal portion, so long as the prohibited and valid provisions are severable." *Muhammad v. County Bank of Rehoboth Beach*, 189 *N.J.* 1, 26, 912 *A.*2d 88 (2006) (citations and quotations omitted).

Applying fundamental contract principles to the present case, we are in accord with the Appellate Division's conclusion that "the circumstances at hand abundantly militate in favor of the finding of a mutual waiver of the contractual right to arbitrate." *Wein, supra*, 388 *N.J.Super.* at 651, 909 *A.*2d 1186. Plaintiffs filed their complaint in Superior Court without reference to arbitration, demonstrating their intent to resolve the dispute in court. Defendants likewise filed an answer and asserted several counterclaims without seeking enforcement of the arbitration clauses. Thereafter, the parties engaged in almost five years of court-monitored discovery. Even after defendants filed a motion to compel arbitration, and then withdrew it, the court permitted discovery to continue. If that were not enough, the parties clearly expressed their desire to waive arbitration when they objected to the trial court's order compelling them to submit to arbitration and asserted at the hearing that they wished to waive arbitration and proceed in court. Faced with that unequivocal waiver, it was error for the trial court to order the matter to arbitration.

## V.

Although the trial court erred when it ordered that the matter be arbitrated, plaintiffs argue that the order compelling arbitration was a "final judgment," and that defendants were required to file an appeal within the prescribed forty-five-day time limit or accept the judgment as binding. Alternatively, plaintiffs assert that defendants' participation in the arbitration proceedings without seeking an interlocutory appeal or raising an objection with the arbitrator precludes them from challenging the arbitrator's jurisdiction.

### A.

Our court rules provide that a party has the right to appeal to the Appellate Division from a final judgment. *R.* 2:2–3(a)(1); *Moon v. Warren Haven Nursing Home,* 182 *N.J.* 507, 511, 867 *A.*2d 1174 (2005). A judgment is final for purposes of appeal if it "dispos[es] of all issues as to all parties." *Hudson v. Hudson,* 36 *N.J.* 549, 552–53, 178 *A.*2d 202 (1962). Although that principle is easily stated, it is not always easily applied.

In the present case, the trial court ordered the parties to arbitration and dismissed the action. That would appear to be a final judgment appealable as of right because the order disposed of all the issues as to those parties before the Superior Court. We recognize, however, that if the trial court had followed the procedure provided under the then-applicable Arbitration Act, upon determining that the matter should be referred to arbitration, the court should have stayed the action "until an arbitration has been had in accordance with the terms of the agreement." *N.J.S.A.* 2A:24–4. In that event, the order compelling arbitration would not have been final because it merely suspended the litigation until after the arbitration proceedings were complete, at which time the dispute would be subject to final resolution by the court confirming, vacating, or modifying the award. *N.J.S.A.* 2A:24–4.

Other jurisdictions that have considered whether an order compelling arbitration is a final order are divided. *See* David B. Harrison, Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration,* 6 *A.L.R.*4th 652, § 3(a)-(b) (Supp.2007) (collecting cases). *Compare Muao v. Grosvenor Props., Ltd.,* 99 *Cal.App.*4th 1085, 122 *Cal. Rptr.*2d 131 (2002) (holding order compelling arbitration is interlocutory), *with Cabrini Med. Ctr. v. Desina,* 64 *N.Y.*2d 1059, 489 *N.Y.S.*2d 872, 479 *N.E.*2d 217 (1985) (holding order compelling arbitration is final and immediately appealable).

The United States Supreme Court considered this issue under the Federal Arbitration Act (FAA) and concluded that such an order was a final order. *Green Tree, supra,* 531 *U.S.* at 79, 121 *S.Ct.* at 513, 148 *L.Ed.*2d at 373. In *Green Tree,* the parties' loan agreement contained an arbitration clause. *Id.* at 82–83, 121 *S.Ct.* at 517–18, 148 *L.Ed.*2d at 378–79. After the plaintiff sued the defendant in Federal Court, the defendant moved to compel arbitration under the FAA, and the motion was granted. *Id.* at 83, 121 *S.Ct.* at 518, 148 *L.Ed.*2d at 379. On appeal, the Eleventh Circuit determined that the order was final and affirmed the judgment. *Ibid.* In deciding the issue, the Supreme Court reviewed 9 *U.S.C.A.* § 16, which allows for appeal under certain conditions and provides in part that an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title." *Id.* at 84–85, 121 *S.Ct.* at 518–19, 148 *L.Ed.*2d at 379–80. The Court noted that Section 16(a)(3) "preserves immediate appeal of any final decision with respect to an arbitration, regardless of whether the decision is favorable or hostile to arbitration," and that a "final decision" is a "decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* at 86, 121 *S.Ct.* at 519, 148 *L.Ed.*2d at 380 (citations and internal quotations omitted). After noting the lack of a uniform approach with respect to orders directing arbitration, the Court concluded that when the trial court orders "the parties to proceed to arbitration" and dismisses "all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and

therefore appealable." *Id.* at 88–89, 121 *S.Ct.* at 520–21, 148 *L.Ed.*2d at 381–82.

We agree with the reasoning of *Green Tree.* Beyond that, in the present case, once the trial court ordered the parties to proceed in arbitration and dismissed the complaint, that decision ended the litigation in the Superior Court. There was nothing left for the trial court to decide between the parties. We conclude, therefore, that the order of the trial court was a final judgment subject to an immediate appeal.

As noted above, if the court had stayed the action, the judgment would not have been final because the parties had to return to the trial court before all of the issues could be finalized. In our view, there should be a uniform approach with respect to the right to appeal an order for arbitration. When the parties are ordered to arbitration, the right to appeal should not turn on whether a trial court decides to stay the action or decides to dismiss the action. Rather, the same result should apply in either case. In that way the parties will know with relative certainty that the order is appealable as of right.

The Uniform Arbitration Act is more explicit in determining when an appeal may be taken. That Act, which became applicable January 1, 2005 for all agreements with arbitration clauses regardless of when the agreement was entered, expressly provides when an appeal may be taken. *N.J.S.A.* 2A:23B–3(c), –28. Pursuant to the Uniform Arbitration Act, if the court finds "an enforceable agreement to arbitrate, it shall order the parties to arbitrate," *N.J.S.A.* 2A:23B–7(b), and shall stay the proceeding on just terms, *N.J.S.A.* 2A:23B–7(f), (g). The Uniform Arbitration Act expressly authorizes an appeal from

(1) an order denying a summary action to compel arbitration;

(2) an order granting a summary action to stay arbitration;

(3) an order confirming or denying confirmation of an award;

(4) an order modifying or correcting an award;

(5) an order vacating an award without directing a rehearing; or

(6) a final judgment entered pursuant to this act.

380

[*N.J.S.A.* 2A:23B–28.]

We note, however, there is no express provision for an appeal from an order compelling arbitration and staying the judicial proceeding. We do not know if that was an oversight in the statute or an intended consequence.

To avoid further uncertainty in this area, and to provide a uniform procedure, we find it appropriate to deem an order compelling arbitration a final judgment appealable as of right. That is, whether the court in compelling arbitration dismisses the action as part of a final order or stays the matter, the order will be deemed final and appealable as of right. In our view, that will provide uniformity, promote judicial economy, and assist the speedy resolution of disputes.

*Rule* 2:2–3(a) governs interlocutory and final appeals. That rule also delineates various orders that are deemed final. We exercise our rulemaking authority and amend *Rule* 2:2–3(a) to add an order of the court compelling arbitration to the list of orders that shall be deemed final judgments for appeal purposes. We refer the matter to our Civil Practice Committee for its recommendations. *Moon, supra,* 182 *N.J.* at 517–18, 867 *A.*2d 1174. Previously there was no uniform approach to the treatment of such orders. Because this is a new rule, we find it appropriate to apply it purely prospectively and not to the parties of this appeal. *See Velez v. City of Jersey City,* 180 *N.J.* 284, 297, 850 *A.*2d 1238 (2004) (holding that prospective application of a judicial decision is appropriate when that decision "establishes a new rule of law, by either overruling past precedent or deciding an issue of first impression") (citing *Alderiso v. Med. Ctr. of Ocean County, Inc.,* 167 *N.J.* 191, 203, 770 *A.*2d 275 (2001)).

B.

Plaintiffs also argue that defendants waived their right to appeal the order compelling arbitration because they participated in arbitration without objection. Plaintiffs urge that, based on the

totality of circumstances test set forth in *Highgate*, defendants forfeited their right to object to arbitration in this appeal.

Our Appellate Division has held, and we agree, that parties may waive their right to have a court determine the issue by their conduct or by their agreement to proceed in arbitration. *N.J. Mfrs. Ins. Co. v. Franklin*, 160 *N.J.Super.* 292, 300, 389 *A.*2d 980 (App.Div.1978); *see also* D.J. Penofsky, Annotation, *Participation in Arbitration Proceedings as Waiver of Objections to Arbitrability*, 33 *A.L.R.*3d 1242, 1245–50 (1970).

In *Highgate*, our Appellate Division addressed whether the parties waived the right to proceed in court by participating in the arbitration proceeding. There, the plaintiffs filed a demand for arbitration with the AAA. *Highgate, supra,* 224 *N.J.Super.* at 330, 540 *A.*2d 861. The defendants objected on the grounds that the agreement did not require arbitration. *Ibid.* Nevertheless, the defendants filed a response with the arbitrator, objecting to the arbitration but also asserting twelve substantive defenses. *Id.* at 331, 540 *A.*2d 861. The matter proceeded to arbitration without further objection and "occupied five full days, during which both parties presented extensive proofs." *Ibid.* The arbitrator issued an award in favor of the plaintiffs, but when plaintiffs sought confirmation of the award, the defendants argued that the award was invalid because the arbitrator lacked jurisdiction. *Id.* at 331–32, 540 *A.*2d 861.

The Appellate Division noted that "[w]hether there has been a waiver is dependent upon the course elected by the objecting party and the facts relating to the nature and degree of its participation in the arbitration proceeding." *Id.* at 332, 540 *A.*2d 861 (quotation and alterations omitted). The panel further stated that although "it is preferable for a party claiming that an issue is beyond an arbitrator's jurisdiction to seek an injunction of the arbitration, failure to do so will not alone justify a finding of waiver." *Id.* at 332–33, 540 *A.*2d 861. In declaring that waiver is evaluated by examining all relevant circumstances, the panel explained that

> [t]he principle of waiver is invoked to assure that a party may not get two bites of the apple: if he chooses to submit to the authority and jurisdiction of an arbitrator, he may not disavow that forum upon the return of an unfavorable award. That important policy would be subverted if a party could enter a nominal objection to the arbitrator's jurisdiction, submit himself fully to the arbitration and still retain the option to demand a new hearing if he does not like the outcome of the arbitration. Reservation of an objection to the arbitration surely is a relevant fact in determining waiver. But that fact alone cannot be dispositive.
>
> [*Id.* at 333, 540 *A.*2d 861.]

The panel also referred to *Merchants Indemnity Corp. v. Eggleston*, 37 *N.J.* 114, 130, 179 *A.*2d 505 (1962), in which Chief Justice Weintraub explained in an analogous setting that " 'waiver' is a term 'used loosely to embrace a number of concepts.... [I]t would be a mistake to apply a definition, useful for one purpose, to a situation for which it was not intended.' " *Ibid.* The panel reasoned that " 'waiver' really means that the objecting party has made an election which is binding 'not because he wants it to be, but because the law makes it so.' " *Highgate, supra,* 224 *N.J.Super.* at 334, 540 *A.*2d 861 (quoting *Merchants, supra,* 37 *N.J.* at 131, 179 *A.*2d 505). The panel concluded that the defendants waived their right to object to arbitration when they filed a full response on the merits, filed their own counterdemand for AAA arbitration that subsequently was withdrawn, proceeded from discovery through a full litigation of all of the issues over a two-year period, and never sought to abort the arbitration by obtaining a judicial determination that the matter was not arbitrable under the contract. *Ibid.*

Other jurisdictions also look to the conduct of the parties in determining the waiver issue. For example, in *First Options of Chicago v. Kaplan*, 514 *U.S.* 938, 946, 115 *S.Ct.* 1920, 1925, 131 *L.Ed.*2d 985, 994–95 (1995), the Supreme Court evaluated whether the party had waived the right to challenge arbitration under the Federal Arbitration Act. In that case, the contesting party "forcefully" and repeatedly objected to the arbitrator's jurisdiction. The Court concluded that the contesting party's objections demonstrated that he did not want the arbitrator to have binding

authority over him, and therefore did not waive the right to object. *Ibid.*

The Second Circuit interpreted *First Options* to require a party participating in arbitration proceedings to make a "timely objection to the submission of the dispute to arbitration [or else] that party may be found to have waived its right to object to the arbitration." *Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines Inc.*, 320 *F*.3d 362, 368–69 (2d Cir.2003) (citing *First Options, supra*, 514 *U.S.* at 946, 115 *S.Ct.* at 1925, 131 *L.Ed.*2d at 994). Thus, under the Federal Arbitration Act a party must file a timely objection with the arbitrator or else waiver will be applied.

Here, the Appellate Division neither considered *Highgate* nor addressed the federal case law; rather, it referenced an earlier line of cases that employed a different analysis to arrive at a contrary result. *See Wein, supra*, 388 *N.J.Super.* at 656–59, 909 *A.*2d 1186. Specifically, the panel cited *Collingswood Hosiery Mills v. American Federation of Hosiery Workers*, 28 *N.J.Super.* 605, 611, 101 *A.*2d 372 (Ch.Div.1953), *rev'd on other grounds*, 31 *N.J.Super.* 466, 107 *A.*2d 43 (App.Div.1954), which found waiver because the party had "voluntarily submitted to arbitration and participated in the hearings." *Wein, supra*, 388 *N.J.Super.* at 656–57, 909 *A.*2d 1186. The panel concluded that in the present case the trial court's sua sponte order compelling arbitration left defendants with "no alternative but to actively pursue and protect [their] interests in arbitration," and therefore defendants did not voluntarily waive their right to contest the arbitrator's jurisdiction. *Wein, supra*, 388 *N.J.Super.* at 658, 909 *A.*2d 1186.

We conclude that the *Highgate* analysis presents a better approach to the waiver issue. That is, the court should consider the totality of circumstances to evaluate whether a party has waived the right to object to arbitration after the matter has been ordered to arbitration and arbitration is held. Some of the factors to be considered in determining the waiver issue are whether the party sought to enjoin arbitration or sought interlocutory review, whether the party challenged the jurisdiction of the

arbitrator in the arbitration proceeding, and whether the party included a claim or cross-claim in the arbitration proceeding that was fully adjudicated.

Once the trial court below ordered both parties to arbitration, defendants raised an objection with the trial court, but failed either to object before the arbitrator or to seek direct appeal or interlocutory review. The Appellate Division recognized that defendants "could have presented a compelling case for the grant of interlocutory review of the August 28, 2003 order," but did not give that much weight. *Wein, supra,* 388 *N.J.Super.* at 656, 909 *A.*2d 1186.

■■■ A motion for leave to appeal, whether granted or not, would have been favorable evidence for defendants in deciding the waiver issue. More importantly, once the parties agreed on an arbitrator, defendants did not file an objection to the arbitrator's jurisdiction. Rather, defendants expressed disagreement with the trial court, agreed to an arbitrator, filed their counterclaim, and fully participated in the arbitration proceeding. If defendants intended to preserve the right to appeal the order requiring arbitration, at a minimum, they should have raised an objection before the arbitrator. *See N.J. Mfrs., supra,* 160 *N.J.Super.* at 300, 389 *A.*2d 980 (holding that company's objection to arbitration in memoranda submitted to arbitrator represented adequate reservation of issue for judicial determination). Additionally, defendants did not even argue the propriety of the August 28, 2003 order before the Law Division when they opposed plaintiffs' motion to confirm the award and cross-moved to dismiss the arbitration award. Instead, defendants waited until their appeal to the Appellate Division to raise that issue. *See Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973).

■■■ Finally, it would be a great waste of judicial resources to permit defendants, after fully participating in the arbitration proceeding, to essentially have a second run of the case before a trial court. That would be contrary to a primary objective of arbitration to achieve "final disposition, in a speedy, inexpensive,

expeditious and perhaps less formal manner." *Barcon Assocs. v. Tri–County Asphalt Corp.*, 86 *N.J.* 179, 187, 430 *A.*2d 214 (1981) (citation omitted). Accordingly, we conclude that under the totality of the circumstances presented, defendants waived their right to appeal the order compelling arbitration.

## VI.

Lastly, plaintiffs contend that the arbitrator was within the scope of his authority to issue a corrected and clarified award under the Rules of the AAA. The Appellate Division disagreed, and so do we. The panel concluded that

No one disputes that the award contained computational errors that warranted correction, but the arbitrator exceeded his authority when he granted relief for renewal commissions not permitted by his original award. Because the original award expressly denied all claims for relief not otherwise mentioned, the arbitrator's later grant of additional relief constituted a modification of that which was already denied and was inconsistent with Rule 46's declaration that "[t]he arbitrator is not empowered to redetermine the merits of any claim already decided."

[*Wein, supra,* 388 *N.J.Super.* at 659–60, 909 *A.*2d 1186.]

We are in substantial accord with the reasoning of the Appellate Division and affirm that issue essentially for the reasons expressed by the panel. We conclude that the arbitrator was without authority to amend the award to include renewal commissions.

## VII.

We affirm in part and reverse in part the judgment of the Appellate Division. We remand to the trial court for further proceedings consistent with the views expressed herein.

*For affirmance in part/reversal in part/remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA, WALLACE, RIVERA–SOTO and HOENS—6.

*Opposed*—None.