709 A.2d 236

HANOVER INSURANCE COMPANY, PLAINTIFF–APPELLANT, v. BOROUGH OF ATLANTIC HIGHLANDS AND MONMOUTH COUNTY JOINT INSURANCE FUND, DEFENDANTS–RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 16, 1998—Decided April 2, 1998.

Before Judges LANDAU, NEWMAN and LESEMANN.

*Richard M. Pescatore,* attorney for appellant.

*Cleary, Alfieri & Grasso,* attorneys for respondents (*John F. Marshall,* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Plaintiff Hanover Insurance Company appeals from a Law Division order that: (1) denied its motion for summary judgment to compel defendants Borough of Atlantic Highlands (Borough) and the Monmouth County Joint Insurance Fund (JIF) to submit to arbitration under *N.J.S.A.* 39:6A–9.1 for reimbursement of Personal Injury Protection (PIP) benefits it paid to its insured, Sandra Mahoney, who was injured in an auto accident with a Borough vehicle; and, (2) granted the defendants' motion for

summary judgment based upon immunity under Title 59, the New Jersey Tort Claims Act.

There are no material facts in dispute. The single legal question is whether a public entity tortfeasor or its public entity joint insurance fund must reimburse an automobile insurer for PIP benefits the insurer paid to its insured arising out of an accident with a public entity vehicle.

The motion judge filed a written opinion, citing *N.J.S.A.* 59:9–2e which provides, in pertinent part:

[n]o insurer or other person shall be entitled to bring an action under a subrogation provision in an insurance contract against a public entity or public employee.

The judge agreed with plaintiff's argument that the recoupment of PIP benefits provision contained in *N.J.S.A.* 39:6A–9.1 [1] creates a " 'new direct right of action' " in the insurer that is " 'primary and not linked to any purported subrogation rights.' " *See Sherman v. Garcia Constr., Inc.,* 251 *N.J.Super.* 352, 356, 598 *A.*2d 242 (App.Div.1991). Nonetheless, the judge concluded that while a literal reading of *N.J.S.A.* 59:9–2e only bars subrogated claims, the announced legislative policy is to protect public entities against loss-shifting claims made by an insurance carrier who has paid benefits to its insured. In so ruling, the judge placed reliance

---

[1] *N.J.S.A.* 39:6A–9.1 provides in pertinent part:

*An insurer ... paying ... personal injury protection benefits ... as a result of an accident occurring within this State, shall,* within two years of the filing of the claim, *have the right to recover the amount of payments from any tortfeasor* who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with section 18 of P.L.1985, c. 520 (C.17:28–1.4), or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident. In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer ... is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration. (Emphasis added).

upon *Kramer v. Sony Corp. of Am.,* 201 *N.J.Super.* 314, 493 *A.*2d 36 (App.Div.1985); *Travelers Ins. Co. v. Collella,* 169 *N.J.Super.* 412, 404 *A.*2d 1250 (App.Div.1979); and upon our more recent decision in *Pinkowski v. Township of Montclair,* 299 *N.J.Super.* 557, 691 *A.*2d 837 (App.Div.1997).

We begin by noting that both the Borough and JIF are public entities under the Tort Claims Act, *Shapiro v. Middlesex County Mun. Joint Ins. Fund,* 307 *N.J.Super.* 453, 704 *A.*2d 1316 (App. Div.1998), and that "[t]he [Tort Claims] Act is not an insurance plan; it was not designed to assure compensation but to restore sovereign immunity," *Fielder v. Stonack,* 141 *N.J.* 101, 113, 661 *A.*2d 231 (1995). We note further that publicly-owned vehicles are exempt from mandatory purchase of motor vehicle insurance coverage such as PIP, *N.J.S.A.* 39:6–54; and that ordinarily under *N.J.S.A.* 39:6A–9.1, a PIP provider which seeks statutory reimbursement of payments to its insured may not proceed directly against the individual insured tortfeasor, *Sherman, supra,* 251 *N.J.Super.* at 356–57, 598 *A.*2d 242, but must recoup from the tortfeasor's insurer through agreement or arbitration. This statutory provision was designed to correct an unfair imbalance. *See Unsatisfied Claim & Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co.,* 138 *N.J.* 185, 201, 204–06, 649 *A.*2d 1243 (1994). Later, in *State Farm Mut. Auto. Ins. Co. v. Licensed Beverage Ins. Exch.,* 146 *N.J.* 1, 679 *A.*2d 620 (1996), the Supreme Court considered whether a tavern that had served alcoholic beverages to a visibly intoxicated driver could be deemed a tortfeasor against whom a PIP insurer could exercise the statutory right of direct reimbursement provided by *N.J.S.A.* 39:6A–9.1. Reviewing the history of reimbursement litigation and corrective legislation, in light of a perceived legislative purpose to place the cost of PIP benefits upon parties responsible for the injuries, the Court held that "the reimbursement right conferred by section 9.1 encompasses all tortfeasors that are not subject to the No–Fault law." *State Farm, supra,* 146 *N.J.* at 14–15, 679 *A.*2d 620.

While Judge Gilroy's written opinion does not mention the *State Farm* case decided some months earlier, it provides, in our view, a correct analysis of the probable intent of the Legislature that, absent unambiguous statutory exception, the sweeping rule of public entity tort immunity dominant in Title 59 must continue to remain applicable to direct actions brought under *N.J.S.A.* 39:6A–9.1.

Accordingly we affirm, substantially for the reasons set forth in Judge Gilroy's opinion reported at 310 *N.J.Super.* 599, 709 *A.*2d 328 (Law Div.1997).