763 A.2d 788

AAA MID–ATLANTIC INSURANCE OF NEW JERSEY F/K/A KEY-
STONE INSURANCE COMPANY OF NEW JERSEY, PLAIN-
TIFF–APPELLANT, v. PRUDENTIAL PROPERTY & CASUALTY
INSURANCE COMPANY AND ARBITRATION FORUMS, INC.,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 25, 2000—Decided December 22, 2000.

72

Before Judges KING and AXELRAD.

*Mark B. Shoemaker* argued the cause for appellant (*Gercke, Dumser & Feld*, attorneys; *Mr. Shoemaker*, on the brief).

*Mitchell R. Friedman* argued the cause for respondent (*Roche & Carter*, attorneys; *Mr. Friedman*, on the brief).

The opinion of the court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

The two issues raised in this appeal are: (1) whether courts, rather than arbitrators, have jurisdiction to determine if parents who serve alcoholic beverages to their adult son, who is injured in a one-vehicle collision, are "tortfeasors" under the New Jersey Automobile Reparation Reform Act's reimbursement provision, *N.J.S.A.* 39:6A–9.1, and (2) whether, under this provision, the son's automobile insurance carrier is entitled to reimbursement from the parents' homeowners' carrier for the personal injury protection (PIP) benefits it paid the son for injuries sustained as a result of his parents' negligence.

James MacElrath, age twenty-five, attended a Christmas party hosted by his parents at their house and allegedly was served alcoholic beverages while visibly intoxicated. He left the party in his own motor vehicle which was insured by defendant Prudential Property & Casualty Insurance Company (Prudential). He struck an embankment in a one-vehicle collision and suffered extensive injuries, incurring $80,900 in medical expenses which were paid under his PIP coverage. MacElrath's parents maintained a homeowners' insurance policy issued by plaintiff AAA Mid Atlantic

Insurance of New Jersey f/k/a Keystone Insurance Company of New Jersey (AAA).

Prudential contends it is entitled to reimbursement from AAA, under a social host liability theory, for the medical expense benefits it paid because the MacElraths served their son alcohol and either knew or should have known that he was intoxicated when he left their home, making them "tortfeasors" within the meaning of *N.J.S.A.* 39:6A–9.1.[1]  Prudential filed an application with Arbitration Forums, Inc. (Arbitration Forums) for intercompany arbitration, seeking reimbursement of the benefits paid under its PIP endorsement.  AAA filed an order to show cause seeking to invoke the jurisdiction of the court, rather than submitting to arbitration.  AAA sought a declaration that it need not submit to arbitration because, even assuming that Prudential would be able to satisfy the conditions for social host liability, the MacElraths do not qualify as "tortfeasors" within the meaning of

---

[1] *N.J.S.A.* 39:6A–9.1. *Recovery of personal injury protection benefits from tortfeasor,* provides:

> An insurer, health maintenance organization or governmental agency paying benefits pursuant to subsection a., b. or d. of section 13 of P.L.1983, c. 362 (C.39:6A–4.3) or personal injury protection benefits in accordance with section 4 or section 10 of P.L.1972, c. 70 (C.39:6A–4 or 39:6A–10) or medical expense benefits pursuant to section 4 of P.L.1998, c. 21 (C.39:6A–3.1), as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with section 18 of P.L.1985, c. 520 (C.17:28–1.4), or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident.  In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer, health maintenance organization or governmental agency is legally entitled to recover the amount of payments and the amount of recovery, including the costs of processing benefit claims and enforcing rights granted under this section, shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.

*N.J.S.A.* 39:6A–9.1. More specifically, AAA asserted that the claim was derivative and barred by *N.J.S.A.* 2A:15–5.7,[2] which exempts from liability social hosts who serve alcohol to visibly intoxicated adults.

The parties entered into a consent order barring arbitration pending a decision on the order to show cause. After oral argument, the motion judge denied relief to AAA, finding that *N.J.S.A.* 39:6A–9.1 provides that all disputes, of both fact and law, must be decided by arbitrators. He concluded that the court did not have jurisdiction over this matter. AAA has appealed the motion judge's order and its application for a stay of the underlying arbitration pending this appeal. We granted AAA's motion and continued the stay of the arbitration.

On appeal, AAA argues that the court has jurisdiction to decide the dispute between AAA and Prudential. AAA also requests we exercise original jurisdiction pursuant to *R.* 2:10–5 and determine, as a matter of law, that its insureds have no social host liability to their son and Prudential under *N.J.S.A.* 2A:15–5.7 and that it may not seek reimbursement because the parents are not tortfeasors under *N.J.S.A.* 39:6A–9.1. We agree with AAA's position and reverse.

*I*

Merely because AAA and Prudential are members of intercompany arbitration through Arbitration Forums does not make them contractually bound to resolve all disputes through arbitration. By its terms, the Agreement provides for compulsory arbitration of controversies arising out of accidents, insured events or occurrences involving reimbursement of PIP benefits under the New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1

---

[2] *N.J.S.A.* 2A:15–5.7. *Limitation of nonliability of social host,* provides:

No social host shall be held liable to a person who has attained the legal age to purchase and consume alcoholic beverages for damages suffered as a result of the social host's negligent provision of alcoholic beverages to that person.

to −35.  In this case, Prudential is an automobile PIP carrier and AAA is a homeowners' comprehensive personal liability carrier; there is no contractual obligation compelling arbitration of this type of claim.  This is not an intramural PIP dispute.

We next consider whether the New Jersey Automobile Reparation Reform Act's reimbursement provision, *N.J.S.A.* 39:6A–9.1, mandates arbitration of this claim.  This provision confers a statutory right of recovery on PIP insurers against certain specified tortfeasors by entitling an insurer who pays PIP benefits to

> recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State.... **In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer ... is legally entitled to recover the amount of payments and the amount of recovery ... shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.** (emphasis added).

Prudential submits that the term "legally entitled" means that the factual and legal issues, including AAA's coverage defense, must be resolved through arbitration.  AAA contends that the threshold determination of whether the parents are tortfeasors within the meaning of § 9.1 should be made by a judge, and if the judge concludes as a matter of law that they are not, Prudential has no legal entitlement to recovery and no arbitrable claim against AAA.

We disagree with the motion judge that *United Serv. Auto. Ass'n v. Turck*, 156 *N.J.* 480, 721 *A.2d* 1 (1998), requires a determination that the court lacks jurisdiction to decide the coverage issue in this matter.  *Turck* involved a dispute regarding a claimant's entitlement to UM benefits for injuries sustained when struck by a bullet fired from another vehicle after the claimant exited his motor vehicle.  Turck's carrier denied benefits because the policy only covered injury resulting from an accident, which would not include an intentional tort.  The carrier sought a declaratory judgment to bar arbitration on the basis that coverage issues were not arbitrable.  The Court held that the "question

whether Turck's injury [was] caused by an accident and otherwise compensable under the USAA policy is arbitrable." *Id.* at 493, 721 *A.*2d 1.

The public policy consideration in *Turck, i.e.,* that ambiguous contracts generally should be resolved against the insurer, is not present in the case before us. Unequal bargaining power is not involved here; this case is limited to the rights of two insurance carriers, as governed by state statute. Nor is this a case where there is a substantial concern of unnecessary bifurcation "requiring judicial resolution of the coverage question and a potentially duplicative arbitration proceeding restricted to liability and damages issues." *Id.* Here, we are dealing with a question of a statutory defense, a purely legal issue, much more within the expertise of the court rather than the arbitrators. This case will not require a potentially duplicative arbitration proceeding.

Nor do *State Farm Mut. Auto. v. Licensed Beverage Insurance Exchange (LBIE)*, 146 *N.J.* 1, 679 *A.*2d 620 (1996), and *Allstate Ins. Co. v. Coven*, 264 *N.J.Super.* 240, 624 *A.*2d 594 (App.Div. 1993), compel arbitration of the issue before us. In both cases the court assumed jurisdiction to interpret the meaning of "tortfeasor" under *N.J.S.A.* 39:6A–9.1 and declared the substantive rights of the parties. Both *LBIE* and *Coven* declared a statutory right of recovery available to PIP carriers against tortfeasors outside the PIP ambit-tavern owners and medical professionals. In *Coven,* we held that Allstate, the PIP carrier, did not have a common law right of subrogation through its insured, but could bring a direct action for reimbursement against a doctor and hospital as tortfeasors, pursuant to *N.J.S.A.* 39:6A–9.1, for medical expenses it paid on behalf of the insured and her son, who was born with severe brain damage following a one-car automobile accident and caesarean delivery. In *LBIE,* the Court broadly interpreted the phrase "any tortfeasor" for purposes of the reimbursement right conferred by *N.J.S.A.* 39:6A–9.1 to encompass all tortfeasors not subject to the No–Fault law, including a tavern in a dram shop action, other than those who own commercial vehicles.

## II

In order to establish a right of reimbursement, Prudential must demonstrate that the MacElraths were "tortfeasors" within the meaning of *N.J.S.A.* 39:6A–9.1. We conclude that this is a legal issue which is within the jurisdiction of the courts. Since the issue has been fully briefed, in the interest of conserving judicial resources and limiting expenses to the parties, we find it appropriate to assume original jurisdiction under *R.* 2:10–5 and resolve the issue. The Legislature has clearly spoken on the issue of civil responsibility of a social host who serves alcoholic beverages to an adult who is visibly intoxicated. New Jersey's Social Host Liability Statute, *N.J.S.A.* 2A:15–5.5 to –5.8, does not recognize a first-party liability claim on behalf of an intoxicated driver. A social host cannot be liable to the person to whom beverages are served, although there may be ultimate liability if that person injures a third party. *N.J.S.A.* 2A:15–5.7 provides that "[n]o social host shall be held liable to a person who has attained the legal age to purchase and consume alcoholic beverages for damages suffered as a result of the social host's negligent provision of alcoholic beverages to that person." Without dispute, James had attained the legal age to purchase and consume alcoholic beverages by the date of the accident. Thus, his parents, the MacElraths are statutorily immune from liability for injuries suffered by their son resulting from the alcoholic beverages they served him. Since the parents cannot be liable to their son, the son's PIP carrier may not seek direct reimbursement because they are not "tortfeasors" under *N.J.S.A.* 39:6A–9.1.

There is no legal basis for Prudential's classification of this claim as one against a carrier, as opposed to a homeowner, or its argument that Prudential is a separate and independent entity from its insured, entitling it to an unencumbered action as an innocent third person. An insurer's right to equitable, statutory reimbursement from another carrier is controlled by the identity of the parties involved in the operative accident. The analysis is similar to a spouse independently pursuing a *per quod* claim. *See*

*Tichenor v. Santillo,* 218 *N.J.Super.* 165, 527 *A.*2d 78 (App.Div. 1987). Although the husband who sues for loss of consortium has a direct right of action against the tortfeasor insofar as he does not need his spouse's permission to bring the action, his claim is maintainable only by reason of the spouse's personal injury; his claim is dependent upon and incidental to the viability of his wife's personal injury action. *Id.* at 173, 527 A.2d 78.

A derivative claim can rise no higher than the claim on which it is dependent. Prudential's claim is clearly derivative. It depends upon establishing liability against another carrier's insureds, the homeowners and social hosts. Since AAA's insureds are statutorily insulated from liability, Prudential's claim for reimbursement of benefits paid to James MacElrath under his PIP endorsement is dismissed with prejudice.

Reversed.