808 A.2d 98

EMPIRE FIRE & MARINE INSURANCE COMPANY,
DEFENDANT–RESPONDENT, v. GSA INSURANCE
COMPANY, PLAINTIFF–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 25, 2002—Decided October 3, 2002.

Before Judges CONLEY, NEWMAN and CARCHMAN.

*Robert P. Clark* argued the cause for appellant.

*Frank P. Brennan* argued the cause for respondent.

*Spector Gadon & Rosen,* attorneys for appellant (*Mr. Brennan* and *Kevin J. DiMedio, Sr.,* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

This appeal arises from a private automobile insurance carrier's efforts to obtain reimbursement for Personal Injury Protection (PIP) benefits paid its injured insureds from the tortfeasors's commercial vehicle carrier. The private vehicle carrier, GSA Insurance Company (GSA), was successful in its arbitration proceedings brought pursuant to *N.J.S.A.* 39:6A–9.1. However, its subsequent complaint seeking confirmation of the arbitration award was dismissed and the commercial vehicle carrier, Empire Fire & Marine Insurance Company (Empire), obtained a summary judgment in its own separate complaint vacating the award. GSA appeals the April 30, 2001, summary judgment order and a June 8, 2001, order denying its motion for reconsideration. We reverse.

GSA's insureds, Christian and Anna Hernandez, were passengers in a private passenger automobile when it was struck by a commercial van registered to Metro Rental Services and operated by Eustorgio Castro. Empire provided liability insurance to Metro Rental Services at the time which included insurance for the van.

Commercial vehicles are not within the definition of "automobile" as used in *N.J.S.A.* 39:6A–4 and, therefore, are not statutorily required to maintain PIP coverage. *See N.J.S.A.* 39:6A–2a; *Buoni v. Browning Ferres Indus.*, 219 *N.J.Super.* 96, 98, 529 *A.*2d 1044 (Law Div.1987). Thus, after paying PIP benefits to its insureds, GSA instituted arbitration proceedings against Empire for reimbursement of those benefits pursuant to *N.J.S.A.* 39:6A–9.1 That statute provides:

> An insurer ... paying ... personal injury protection benefits ... shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, ... or although required did not maintain personal injury protection ... at the time of the accident. In the case of an accident ... involving an insured tortfeasor, the determination as to whether an insurer ... is legally entitled to recover the amount of payments and the amount of recovery ... shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration.
>
> [*N.J.S.A.* 39:6A–9.1.]

■ We pause at this point to correct a misconstruction of this statute expressed in our unreported decision in *First Trenton Indemnity v. South Jersey Gas Co.*, No. A–3534–99T2 (App.Div. March 22, 2001). We there said that under *N.J.S.A.* 39:6A–9.1:

> if the alleged tortfeasor ... did not maintain PIP insurance protection (either because it was not required to do so, or, even if it were required to do so, it failed to comply with that obligation) then [a private automobile carrier], who had made such payments to its own insured, could proceed with a Superior Court action against [the tortfeasor] within two years of the time the original PIP claim was filed against it. On the other hand, if *[the tortfeasor] did carry PIP insurance coverage, the determination of responsibility and the amount of any required reimbursement, would be determined either "by agreement of the involved parties" or, if the parties failed to reach such agreement, then "by arbitration."*
>
> [*Id.*, slip op. at 4 (emphasis added).]

To the extent the emphasized language might be understood to reflect a construction of *N.J.S.A.* 39:6A–9.1 that extends reimbursement rights between two PIP carriers, that is incorrect. *See State Farm Mutual Auto. Ins. Co. v. Licensed Bev. Ins. Ex.*, 146 *N.J.* 1, 15, 679 *A.*2d 620 (1996) ("The reimbursement right conferred by section 9.1 encompasses all tortfeasors that are not subject to the No–Fault Law."); *Unsatisfied Claim & Judgment*

*Fund Board v. N.J. Mfrs. Ins. Co.*, 138 *N.J.* 185, 191, 195, 649 *A.*2d 1243 (1994) ("the statute allows PIP carriers to recover not from other PIP carriers but from non-PIP carriers and uninsureds ... [t]he legislative history shows a conscious decision to eliminate any right of recovery between two PIP carriers.").

Here, as we have said, the tortfeasor vehicle was a commercial vehicle not requiring PIP coverage. GSA, then, sought reimbursement from Empire. Being unable to resolve its claim by agreement, it filed arbitration proceedings with the Arbitration Forums, Inc. The petitions (one for each of the insureds) were filed on March 23, 2000, and received by Empire on March 27, 2000. Evidently, on March 28, 2000, a representative of Empire contacted GSA and claimed that the van was a private passenger vehicle and had PIP coverage. In a certification filed by GSA in opposition to Empire's motion for summary judgment, a claims representative of GSA's loss adjustment entity asserted, without dispute, that "it was apparent to [the loss adjustment entity] from the police report [of the automobile accident] that the Empire Fire & Marine insured vehicle was a yellow GMC van with a commercial plate owned by a corporation and not a private passenger automobile...."

GSA continued to pursue the arbitration. Notice of a hearing date of June 28, 2000, was sent to both parties. All responses were to be filed by June 22, 2000. Empire's response, dated June 22, 2000, and apparently received by Arbitration Forums on June 26, 2000, but not considered as it was untimely, denied coverage or liability and requested a deferment. The only defense raised by Empire was that "coverage is void for fraud and misrepresentation by the parties involved staged accident loss ... the 'accident' was staged by the drivers and occupants of both vehicles."

Empire did not attend the arbitration hearing or present any other written documentation or defenses prior to the award. When the award was received, Empire's attorney wrote to Arbitration Forums as follows:

> Be advised, I was informed by Larry at the Customer Service Center at Arbitration Forums, Inc. at the Atlanta Data Center to forward this correspondence to your attention for immediate review and response.
>
> Attached to this correspondence is a copy of respondent's allegations and contentions that were forwarded to Arbitration Forums in the above-entitled matter.
>
> I received today a copy of an arbitration decision in this matter, despite the fact that a answer was filed, and a request for deferment forwarded in this case. The arbitration decision indicates that there was no appearance and no answer on behalf of the respondent.
>
> The enclosed cover letter and response attached to this correspondence indicate quite to the opposite.
>
> *At the present time, we would ask that the matter be relisted for hearing, and the respondent's request for deferment in this matter be taken into consideration, as this is a matter on an ongoing SIU/fraud investigation, and investigation is not yet complete.*
>
> Please be advised that counsel for respondent was unaware of the upcoming date set for the hearing in this matter, and in fact, had prior to that date, forwarded a responsive/answer and request for deferment, which Arbitration Forums, Inc. currently indicates was never received to their knowledge.
>
> Obviously, there has been some type of mistake made in regard to this situation, and the respondent *requests a review of this matter and reopening of the hearing,* and voidance of the arbitration decision that has now been rendered.
>
> [Emphasis added.]

Empire, thus, continued to assert no defenses other than fraud and not only raised no objection to Arbitration Forums' jurisdiction over the dispute but sought a reopening of the hearing. By letter dated August 17, 2000, the Arbitration Forums rejected the request for a new hearing, and determined that the award "must remain final and binding."

Empire, then, apparently attempted to resolve the matter by again trying to convince GSA the vehicle did have PIP coverage, an issue it chose not to raise in the arbitration proceedings. When unsuccessful, Empire filed its complaint seeking either a new hearing or a declaration that "there was no jurisdiction in this matter for an arbitration ... thereby rendering void the June 28, 2000, arbitration...." Although not asserted in the arbitration proceeding or in its complaint, and never established by competent evidence, Empire additionally contended in its motion papers that

it was not a signatory to Arbitration Forums, Inc.[1] In granting Empire's motion, the motion judge said:

> The bottom line is that they have PIP and under the statute you ordinarily would not be entitled to subrogation claims against that because they have it, even though their vehicle that ordinarily doesn't require to have PIP, they did have. Once they have it under the statute you don't get your subrogation, because they can get—that's just the way the no-fault—
>
> . . . .
>
> . . . if there's—there's PIP coverage you're not entitled to it and, I mean, the fact that they submitted it two days late—one day late is, you know, doesn't really go to the merits of it. I'm—I'm going to grant the relief that's requested. I'm gonna set aside and vacate the arbitration award, because I don't think there was any jurisdiction to start with. Once they have [PIP coverage] you're not entitled to any of that money.

The judge concluded that the tortfeasor's vehicle had PIP coverage and that, therefore, reimbursement under *N.J.S.A.* 39:6A–9.1 was not permitted. Characterized as a lack of jurisdiction on the part of the arbitrator, it is evident that the judge thought the arbitrator erred as a matter of law in awarding reimbursement and, therefore, vacated the award.

■ This rationale suffers from three problems. First, at best, Empire's contention that its insured vehicle had PIP coverage is factually disputed. The insurance documents submitted to the motion judge indicate that PIP coverage is provided but only to the extent as required by New Jersey law. A commercial vehicle is not required by New Jersey law to maintain PIP coverage.[2] Second, at no point in the arbitration proceeding did Empire ever raise that issue or expressly reserve that issue for judicial resolution. Neither did it ever dispute Arbitration Forums' jurisdiction over the matter. To the contrary, after raising a defense of fraud

---

[1] This assertion was made by counsel in a letter brief to which was attached what appears to be a list of Arbitration Forums' signatories. On that list, Empire is listed as a signatory in "CO, NV, UT."

[2] In light of the basis for our reversal here, it is not necessary for us to determine whether voluntary PIP coverage on a commercial vehicle would preclude a private vehicle carrier's reimbursement rights under *N.J.S.A.* 39:6A–9.1 and we express no view as to that.

and requesting a deferment of the arbitration hearing because of an ongoing fraud investigation, it sought to pursue the fraud defense in the Arbitration Forums' proceeding when it requested reconsideration and a rehearing. Under these circumstances, Empire waived the defenses it now seeks to raise. *See Highgate Development Corp. v. Kirsh,* 224 *N.J.Super.* 328, 335–36, 540 *A.*2d 861 (App.Div.1988); *New Jersey Manufacturers Ins. Co. v. Franklin,* 160 *N.J.Super.* 292, 300, 389 *A.*2d 980 (App.Div.1978). *See also Office of Employee Rel. v. Communications Workers of America,* 154 *N.J.* 98, 109, 711 *A.*2d 300 (1998); *Grover v. Universal Underwriters Ins. Co.,* 80 *N.J.* 221, 230, 403 *A.*2d 448 (1979).

■ Thirdly, and perhaps most importantly, the motion judge exceeded the appropriate scope of judicial review of the arbitration award. The complaints here, which on the one hand sought to vacate and on the other hand sought to confirm the awards, were brought pursuant to *N.J.S.A.* 2A:24–7, –8. This was not a public sector arbitration matter and, thus, unless agreed by the parties (not here contended), the appropriate judicial scope of review does not encompass errors of law or facts. *Tretina Printing Inc. v. Fitzpatrick & Assocs. Inc.,* 135 *N.J.* 349, 357–58, 640 *A.*2d 788 (1994). The award here could be vacated "only in [the] case[] of fraud, corruption or similar wrongdoing as provided by the arbitration statute, *N.J.S.A.* 2A:24–8." *High Voltage Eng. v. Pride Solvents,* 326 *N.J.Super.* 356, 363, 741 *A.*2d 170 (App.Div. 1999) (citing (*Tretina Printing Inc. v. Fitzpatrick & Assocs. Inc., supra,* 135 *N.J.* at 355–59, 640 A.2d 788)). *See Allstate Ins. Co. v. Universal Underwriters Ins. Co.,* 330 *N.J.Super.* 628, 632–33, 750 *A.*2d 223 (App.Div.2000); *Habick v. Liberty Mutual Fire Ins. Co.,* 320 *N.J.Super.* 244, 253, 727 *A.*2d 51 (App.Div.), *certif. denied,* 161 *N.J.* 149, 735 *A.*2d 574 (1999).[3] There was neither fraud, corruption, nor similar wrongdoing here to justify vacating the award.

---

[3] *Allstate* involved a *N.J.S.A.* 39:6A–9.1 arbitration. *Habick* involved a *N.J.S.A.* 39:6A–5h arbitration. We caution that PIP arbitrations pursuant to the procedures set forth in *N.J.S.A.* 39:6A–25 (applicable to Superior Court PIP actions)

We, therefore, reverse the dismissal of GSA's complaint and the vacation of the arbitration award. We remand for the entry of an order granting GSA's application to confirm the award and dismissing Empire's complaint.

are subject to a broader judicial review. In this respect, *N.J.S.A.* 39:6A–31 states:

> Unless one of the parties to the arbitration [under *N.J.S.A.* 39:6A–25] petitions the court, within 30 days of the filing of the arbitration decision with the court: a. for a trial de novo, or b. for the modification or vacation of the arbitration decision for any of the reasons set forth in chapter 24 of Title 2A of the New Jersey Statutes, *or an error of law or factual inconsistencies in the arbitration findings*, the court shall, upon motion of any of the parties, confirm the arbitration decision, and the action of the court shall have the same effect and be enforceable as a judgment in any other action. [Emphasis added.]