**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3577-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR PUELLO,

    Defendant-Appellant.

_____

> Submitted August 21, 2018 — Decided September 5, 2018
>
> Before Judges Sumners and Gilson.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Union County, Accusation No. 08-
> 01-0057.
>
> Vincent J. Sanzone, Jr., attorney for
> appellant.
>
> Michael A. Monahan, Acting Union County
> Prosecutor, attorney for respondent (Izabella
> M. Wozniak, Special Deputy Attorney General/
> Acting Assistant Prosecutor, of counsel and
> on the brief).

PER CURIAM

    Defendant Victor Puello appeals from a March 31, 2017 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

I.

In November 2007, defendant was arrested and charged with second-degree possession of cocaine with intent to distribute within 500 feet of public housing, N.J.S.A. 2C:35-7.1a, and several other illegal drug offenses. Defendant was also charged with related motor vehicle violations.

In January 2008, defendant pled guilty to third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(b)(3). On his plea form, "N/A" was circled in response to question seventeen, which asked if defendant understood that if he was not a United States citizen, he could be deported by virtue of his guilty plea. During his plea colloquy, however, the judge asked defendant whether he was a United States citizen, defendant responded that he was not, and the judge informed defendant that because he was not a United States citizen his guilty plea could affect whether defendant could stay in the United States. Specifically, the following exchange took place between the judge and defendant:

> THE COURT: And are you a citizen of the United States?
>
> DEFENDANT: No.

THE COURT: Do you understand that by pleading guilty to a charge while you are a non-citizen that it could have some effect on your continued residence in this country?

DEFENDANT: Yes.

THE COURT: And you're still willing to go ahead with these charges and this plea?

DEFENDANT: Yes.

The judge then asked defendant whether he had enough time to speak with his lawyer, whether his lawyer had answered any questions he had, and whether he was satisfied with his lawyer's advice and services. Defendant responded "yes" to each question. The specific exchange was as follows:

THE COURT: And have you had enough time to speak with your lawyer?

DEFENDANT: Yes.

THE COURT: She has explained the plea, advised you of your rights, and answered any questions you might have had to your satisfaction?

DEFENDANT: Yes.

THE COURT: And are you satisfied with the advice and services she is providing on your behalf?

DEFENDANT: Yes.

After defendant admitted he possessed ten bags of cocaine with the intent to distribute, and after defendant explained that he understood what he was doing in pleading guilty and was doing

so knowingly, intelligently, and voluntarily, the judge accepted his guilty plea.

In April 2008, defendant was sentenced. In accordance with his plea agreement, defendant was sentenced to three years of probation with the condition that he spend 120 days in jail. Defendant was also required to forfeit $50,420 that had been seized from him when he was arrested. Defendant did not file a direct appeal.

In 2016, defendant was arrested by federal Immigration and Customs Enforcement agents, and proceedings to remove him from the United States were commenced. Shortly thereafter, on May 27, 2016, defendant, who was represented by a lawyer, filed a petition for PCR. In his petition, defendant claimed his plea counsel had been ineffective because counsel had "affirmatively told" defendant that his "plea would not result in [his] deportation."[1] Defendant also asserted that although the judge taking his guilty plea had raised his immigration status, his plea was not knowing and voluntary because the court had failed to adequately explain the immigration consequences of his guilty plea. Defendant then contended that had he been aware of the immigration consequences

---

[1] Defendant's claims were set forth in his brief. Defendant then certified that he had read his counsel's brief and the facts in the brief were "true and accurate[.]"

of his guilty plea, he "would have likely engaged an immigration lawyer to assist" him and "he would have been unlikely to accept a plea that included deportation as a consequence."

The PCR court heard oral arguments on March 16, 2017. On March 31, 2017, the court entered an order denying defendant's PCR petition, and explained the reasons for its rulings in an opinion read into the record. The PCR court found that, before pleading guilty, the judge taking the plea had informed defendant of the immigration consequences of his plea. Thus, the PCR court reasoned that any inaccurate advice by plea counsel had been corrected by the judge and that before defendant plead guilty, he understood the potential immigration consequences of his guilty plea. The PCR court also found that defendant's guilty plea was made knowingly, voluntarily, and intelligently, and there was no basis to allow defendant to withdraw his plea.

## II.

On this appeal, defendant makes one argument contending that the PCR court erred when it denied his petition because he was never advised of the immigration consequences of his plea by his plea counsel. Specifically, defendant articulates his argument as follows:

> The Trial Court Committed Reversible Error by
> Holding that the Court Cured the Error Made
> by Plea Counsel By Not Advising the Defendant

that He Would be Deported by Virtue of His
Plea.

We reject defendant's argument because his petition is time-barred and because, even if the petition was considered on its merits, he has failed to show any prejudice.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice." Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[as] time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgment increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have recently held that when a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restrictions. State v. Brown, ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 13-14).

A-3577-16T1

The PCR court here did not address the timeliness of defendant's petition. We, however, can affirm the denial of the petition on this alternative ground because the issue was briefed by the parties and the facts are not in dispute. See State v. Williams, 444 N.J. Super. 603, 617 (App. Div. 2016) ("It is well-established that a reviewing court can affirm a decision on different grounds than those authorities offered by the court being reviewed."); see also R. 2:10-5; AAA Mid-Atlantic Ins. of N.J. v. Prudential Prop. & Cas. Ins. Co., 336 N.J. Super. 71, 78 (App. Div. 2000).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citation omitted).

Here, defendant was sentenced on April 11, 2008. His petition for PCR, however, was filed eight years later on May 27, 2016. Defendant argues that there was excusable neglect for the late filing because he did not learn of his counsel's mis-advice until he was detained by immigration authorities in 2016. Ignorance of

the law, however, does not establish excusable neglect. See State v. Brewster, 429 N.J. Super. 387, 400-01 (App. Div. 2013) (stating that defendant's twelve-year delay in filing a petition for PCR regarding deportation consequences showed neither excusable neglect nor fundamental injustice.)

Significantly, at defendant's plea hearing, the judge taking his plea informed defendant that if he pled guilty, his plea could impact his continued residency in the United States. Before us, defendant argues that the judge's reference to residency as opposed to deportation or removal did not adequately inform defendant of the immigration consequences. The judge's questioning of defendant before his plea, however, establishes that defendant was advised of the possible immigration consequences. He was also asked if he wanted more time to explore those consequences or to consider any other factor before pleading guilty. Defendant clearly stated that he did not need more time. Consequently, any argument that defendant relied on the alleged mis-advice of his plea counsel is rebutted by the actual record.

Defendant has also failed to demonstrate a reasonable probability that enforcement of the time bar would result in a fundamental injustice. Nowhere in defendant's certification does he allege that he was innocent. Instead, the record established that defendant gave a knowing, voluntary, and intelligent guilty

plea. In pleading guilty, defendant admitted that he possessed cocaine with the intent to distribute. There was nothing vague or equivocal regarding defendant's guilty plea.

Moreover, even if we were to consider defendant's petition on its merits, defendant cannot satisfy the grounds for PCR relief. To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58-59 (1987). Here, defendant can show no prejudice. Defendant claims that his counsel was ineffective by mis-advising him that he would not be deported as a result of his guilty plea. As already noted, the judge taking the guilty plea corrected any mis-advice by informing defendant that there were possible immigration consequences to his guilty plea.

When defendant pled guilty in 2008, there was no requirement that defense counsel review a defendant's immigration status with defendant. Instead, at that time, defense counsel was only ineffective if he or she provided inaccurate information concerning the immigration consequences of a plea. See Chaidez v. United States, 568 U.S. 342, 357-58 (2013); Padilla v. Kentucky,

559 U.S. 356, 386 (2010) (Alito, J., concurring); State v. Nunez-Valdez, 200 N.J. 129, 143 (2009). Here, any alleged mis-advice by plea counsel was corrected by the plea judge and, therefore, defendant can show no prejudice.

There was also no showing that required an evidentiary hearing on defendant's PCR petition. A defendant is entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie case in support of the petition. R. 3:22-10(b). As defendant cannot show prejudice, there was no requirement that a hearing be conducted.

Finally, defendant has not argued on this appeal that he is entitled to withdraw his guilty plea. Indeed, he has not established any of the factors that are required for the withdrawal of a guilty plea. See State v. Slater, 198 N.J. 145, 157-58 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3577-16T1